IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **DEBORAH GROOMS,** : | |
|     Plaintiff, : | |
| : | |
| v. : | CIVIL ACTION NO. 21-CV-4265 |
| : | |
| **DISCOVER FINANCIAL SERVICE,** : | |
|     Defendant. : | |

**MEMORANDUM**

**SURRICK, J.**                                                                                                                           **OCTOBER 20 , 2021**

        Plaintiff Deborah Grooms initiated this civil action by filing a *pro se* Complaint against Discover Financial Service ("Discover") raising claims under the Fair Debt Collection Practices Act ("FDCPA") and the Fair Credit Reporting Act ("FCRA").  (ECF No. 2 at 3.)[1]  She seeks leave to proceed *in forma pauperis*.  For the following reasons, the Court will grant Grooms leave to proceed *in forma pauperis* and dismiss her Complaint without prejudice for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**I.**         **FACTUAL ALLEGATIONS**[2]

        The Complaint reflects Grooms's intention to bring claims against Discover pursuant to the FDCPA and FCRA based on events that began in November 2020 related to a credit card account Grooms had with Discover.  (ECF No. 2 at 3-4.)  Grooms contends that Discover violated the FDCPA when "attempting to collect an alleged debt" beginning on November 7, 2020.  (*Id.* at 5.)  She adds that Discover sent her "threatening letters," harassed her "often" with

---

[1] The Court adopts the pagination supplied by the CM/ECF docketing system.

[2] The facts set forth in this Memorandum are taken from Grooms's Complaint and attached exhibits.

letters and phone calls about the unspecified debt, used "obscene and profane language" to collect the debt, and reported unspecified "false information" to credit reporting agencies, all of which caused stress, anxiety, and financial harm. (*Id.*) She claims she is "not obligated to pay any debt," that her "individual privacy" has been violated "under the provisions of 15 USC 1692(a)[,] and [that] James Ball [is] an individual who has no basis for being involved in this matter and without [her] permission, is attempting to collect a debt for the defendant . . . ." (*Id.*) Grooms seeks damages to compensate her for this and other harm.[3] (*Id.*)

The Complaint does not contain any additional factual allegations supporting Grooms's claims. However, Grooms attached to her Complaint exhibits reflecting her correspondence with Discover, which correlate with some of the allegations in the Complaint. (ECF No. 2-1.) The exhibits reflect that on November 7, 2020, Grooms received an email from Discover informing her that an upcoming payment on her Discover card was coming due and that, if she failed to make a minimum payment of $114 on the account by November 12, 2020, Discover would "report [her] missed payment to the credit reporting agencies." (*Id.* at 18 & 21.) The balance on her credit card at that point was $1,669.20. (*Id.* at 21.) The communication also represented that it was "an attempt to collect a debt and any information obtained may be used for that purpose." (*Id.* at 18.) Grooms marked the copy of this email with various provisions of the FDCPA, FCRA and other statutes without any further explanation, presumably to reflect her belief that this communication violated those statutes. (*Id.*)

It appears Grooms received phone calls from Discover about the account when she failed to pay her bill and that she complained to the Consumer Financial Protection Bureau ("CFPB")

---

[3] Although Grooms used a form complaint to prepare her pleading titled "Complaint and Request for Injunction," Grooms does not request any injunctive relief in this case.

about those phone calls.  Discover sent a letter to Grooms dated December 10, 2020, indicating that it was aware of her correspondence with the CFPB and regretted learning she was dissatisfied with telephone calls she received about the account.  (*Id.* at 19.)  The letter also informed Grooms that Discover's goal was to discuss the account with her and explained that, as of November 19, 2020, Discover had "taken the appropriate actions to prevent future telephone calls regarding the status" of her account.[4]  (*Id.*)  The letter also informed Grooms that she was not absolved of her repayment obligation and that as of November 17, 2020, her credit card balance was "$1,742.11 with a Minimum Payment of $184.00 inclusive of a past due amount of $114.00" due on December 12, 2020.  (*Id.*)  Again, Grooms marked up a copy of this letter with legal statutes, without explanation.  (*Id.*)

On January 7, 2021, Discover sent Grooms another letter indicating that it "decided to permanently close [her] Discover Card account" as a result of correspondence Grooms sent on December 16, 2020.  (*Id.* at 20.)  The letter, signed by Manager James Ball, also explained that Discover found Grooms's account and balance "to be valid" in response to her request for validation of the debt.  (*Id.*)  Discover enclosed a copy of Grooms's credit card statement for her review, which was not included as an exhibit to Grooms's Complaint.  (*Id.*)  As with the other correspondence from Discover, Grooms marked the letter with citations to various statutes.  (*Id.*)

Grooms attached to her Complaint two documents, both titled "Affidavit of Truth," which accuse Discover of violating the FDCPA, FCRA and other statutes.  (*Id.* at 1-10.)  The

---

[4] It is not clear when or how often Grooms received phone calls related to the debt.  Her Complaint does not contain any specific allegations on this point.  She included in her exhibits two screen shots showing missed calls from a Utah phone number on October 20, 2020 at 9:56 a.m. and October 27, 2020 at 10:09 a.m.  (ECF No. 2-1 at 30-31.)  The relevance of these exhibits is unclear, especially since they predate the correspondence that appears to have motivated Grooms's claims.

Affidavits state in a conclusory fashion that Discover violated various provisions of these statutes without providing further explanation. (*Id.*) These documents are unsigned and undated, and it appears Grooms may have sent them, or a version of them, to Discover.[5]

In a third "Affidavit of Truth," Grooms asserts FDCPA violations based on Discover's January 7, 2021 letter. The Affidavit indicates that Grooms sent Discover correspondence on November 16, 2020 and December 16, 2020 noting her refusal to pay and asking Discover to cease communication. (*Id.* at 11-12; *see also id.* at 16.) The Affidavit also alleges that the January 7, 2021 letter used "obscene and profane language," improperly communicated with Grooms about the debt, and communicated with her "at an unusual time and place." (*Id.* at 12.) She also alleges that she does not owe the debt and suggests that Discover improperly canceled her credit card, although the basis for these assertions is not clear. (*Id.* at 12; *id.* at 14 (alleging that "the consumer entered into consumer credit transaction in which is extended to DISCOVER through my credit card in which DISCOVER can't cancel my account in reference to a credit transaction.").) Grooms also prepared other documents reflecting her belief that Discover violated the FDCPA and the Truth in Lending Act,[6] and owes her money as a result of those violations. (*Id.* at 17, 25-29.)

## II.     STANDARD OF REVIEW

The Court will grant Grooms leave to proceed *in forma pauperis* because it appears that she is incapable of paying the fees to commence this civil action. Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss Grooms's Complaint if it fails to state a claim.

---

[5] Grooms included among her exhibits a picture of a completed signature page dated December 1, 2020, which refers to both Discover and Synchrony Bank/Gap. (ECF No. 2-1 at 10.)

[6] Grooms's Complaint reflects her intention to raise claims under the FDCPA and FCRA but does not refer to TILA.

The Court must determine whether the Complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). "'At this early stage of the litigation,' '[the Court will] accept the facts alleged in [the *pro se*] complaint as true,' 'draw[] all reasonable inferences in [the plaintiff's] favor,' and 'ask only whether [that] complaint, liberally construed, . . . contains facts sufficient to state a plausible [] claim.'" *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (quoting *Perez v. Fenoglio*, 792 F.3d 768, 774, 782 (7th Cir. 2015)). Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678. As Grooms is proceeding *pro se*, the Court construes her allegations liberally. *Vogt v. Wetzel*, 8 F. 4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).

Moreover, a complaint may be dismissed for failing to comply with Federal Rule of Civil Procedure 8. *Garrett v. Wexford Health*, 938 F.3d 69, 91 (3d Cir. 2019). To conform to Rule 8, a pleading must contain a short and plain statement showing that the plaintiff is entitled to relief. *See Travaline v. U.S. Supreme Court*, 424 F. App'x 78, 79 (3d Cir. 2011). The United States Court of Appeals for the Third Circuit recently explained that in determining whether a pleading meets Rule 8's "plain" statement requirement, the Court should "ask whether, liberally construed, a pleading 'identifies discrete defendants and the actions taken by these defendants' in regard to the plaintiff's claims." *Garrett*, 938 F.3d at 93 (citation omitted). A pleading may still satisfy the "plain" statement requirement "even if it is vague, repetitious, or contains extraneous information" and "even if it does not include every name, date, and location of the incidents at issue." *Id.* at 93-94. The important consideration for the Court is whether, "a pro se complaint's language . . . presents cognizable legal claims to which a defendant can respond on the merits." *Id.* at 94.

5

### III. DISCUSSION

#### A. FDCPA Claims

"The FDCPA provides a remedy for consumers who have been subjected to abusive, deceptive or unfair debt collection practices by debt collectors." *Piper v. Portnoff Law Assocs., Ltd.*, 396 F.3d 227, 232 (3d Cir. 2005). "'To state a claim under the FDCPA, a plaintiff must establish that: (1) he or she is a consumer who was harmed by violations of the FDCPA; (2) that the 'debt' arose out of a transaction entered into primarily for personal, family, or household purposes; (3) that the defendant collecting the debt is a 'debt collector,' and (4) that the defendant violated, by act or omission, a provision of the FDCPA.'" *Pressley v. Capital One*, 415 F. Supp. 3d 509, 512-13 (E.D. Pa. 2019) (quoting *Johns v. Northland Grp., Inc.*, 76 F. Supp. 3d 590, 597 (E.D. Pa. 2014)). The FDCPA defines "debt collector" as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6). This statutory language focuses "on third party collection agents working for a debt owner—not on a debt owner seeking to collect debts for itself." *Henson v. Santander Consumer USA Inc.*, 137 S. Ct. 1718, 1721 (2017). In contrast, "creditor" is defined as "any person who offers or extends credit creating a debt or to whom a debt is owed, but such term does not include any person to the extent that he receives an assignment or transfer of a debt in default solely for the purpose of facilitating collection of such debt for another." *Id.* § 1692a(4).

The manner in which Grooms has presented her claims makes the true nature of them difficult to understand. Her pleading fails to comply with Rule 8 because she relies almost exclusively on her exhibits to state her claim. *See Berkery v. Credit Collection Servs.*, No. 21-

CV-3809, 2021 WL 4060454, at *2 (E.D. Pa. Sept. 7, 2021) ("While a court may consider exhibits attached to a complaint, merely attaching exhibits is insufficient to meet the requirement that a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face."); *RD Legal Funding, LLC v. Barry A. Cohen, P.A.,* Civ. A. No. 13-77, 2013 WL 1338309, at *2 (D.N.J. Apr.1, 2013) ("Plaintiff cannot meet its pleading requirements under Rule 8(a) by attaching numerous exhibits to its Complaint.").  Although Grooms generally invokes the FDCPA, she has not clearly articulated the factual underpinnings for her claims including why she does not owe a debt to Discover and the reasons why she believes the communications in her exhibits violate the law.   Additionally, writing numerous citations to statutes on copies of communications and repeatedly reciting legal principles, as Grooms has done throughout her submission, are insufficient to state a claim without factual allegations describing what actions, specifically, the Defendant took to give rise to a claim against it.  *See Iqbal*, 556 U.S. at 678 ("A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'"); *Humphreys v. McCabe Weisberg & Conway, P.C.*, 686 F. App'x 95, 97 (3d Cir. 2017) (*per curiam*) (concluding that FDCPA claim was not pled based on "conclusory and speculative statements that cannot survive a motion to dismiss").  In other words, the conclusory allegations of Grooms's Complaint combined with her unexplained exhibits do not make Grooms's FDCPA claims plausible.

Nevertheless, liberally construing Grooms's Complaint along with her exhibits, the Court discerns that her claims are generally based on Discover's communications with her about her credit card account, in particular Discover's email to her on November 7, 2020, Discover's letters to her on December 10, 2020 and January 7, 2021, and unspecified phone calls she alleges

she received.[7]  Although Grooms refers to Discover as a debt collector in one of her Affidavits,

(*see* ECF No. 2-1 at 11), she has not alleged adequate facts supporting that allegation.  To the

contrary, although her submission is unclear, the most reasonable interpretation of her exhibits is

that she maintained a credit card with Discover and that Discover contacted her about money

owed when she failed to make a payment on an outstanding balance.  Under this reading,

Discover appears to have been acting as a creditor by attempting to collect debt owed to it, rather

than a debt "owed or due another."  Nor does Grooms allege facts reflecting that the principal

purpose of Discover's business is debt collection.  In sum, Grooms's Complaint and exhibits do

not allege plausibly that Discover is a debt collector, which is fatal to her FDCPA claims.  *See*

*Estate of Egenious Coles v. Zucker, Goldberg & Ackerman*, 658 F. App'x 108, 111 (3d Cir.

2016) ("As to Ballard Spahr, the complaint alleges, in a conclusory fashion, that the law firm is a

'debt collector' by quoting the relevant definition from the FDCPA.  However, beyond this legal

conclusion, the complaint provides no factual allegations that suggest Ballard Spahr regularly

collects or attempts to collect debts owed to another."); *Guyton v. PECO*, Civ. A. No. 18-2547,

2018 WL 10016428, at *1 (E.D. Pa. Aug. 24, 2018), *aff'd*, 770 F. App'x 623 (3d Cir. 2019) (*per*

---

[7] Grooms has not provided any factual allegations about the timing, nature, frequency, or content of these calls sufficient to raise a plausible inference that Discover violated the FDCPA in connection with any such calls.  *See Tamayo v. Am. Coradious Int'l, L.L.C.*, Civ. A. No. 11-6549, 2011 WL 6887869, at *3 (D.N.J. Dec. 28, 2011) ("Without more facts regarding the nature and extent of any harassing phone calls, the pattern of such calls, or the substance of any representations made during such calls, the Court cannot find that Plaintiff's claim under § 1692d(5) was sufficiently pled.").

*curiam*) ("Plaintiff owed the relevant 'debt' (her utility bill) to PECO, as the creditor for services rendered to her.  PECO thus is not a debt collector under the FDCPA.").

### B.  FCRA Claims

The FCRA was enacted "to ensure fair and accurate credit reporting, promote efficiency in the banking system, and protect consumer privacy." *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 52 (2007); *see also SimmsParris v. Countrywide Fin. Corp.*, 652 F.3d 355, 357 (3d Cir. 2011) (noting that the FCRA is intended "to protect consumers from the transmission of inaccurate information about them, and to establish credit reporting practices that utilize accurate, relevant and current information in a confidential and responsible manner" (quoting *Cortez v. Trans Union, LLC*, 617 F.3d 688, 706 (3d Cir. 2010))).  In the language of the FCRA, credit reporting agencies "collect consumer credit data from 'furnishers,' such as banks and other lenders, and organize that material into individualized credit reports, which are used by commercial entities to assess a particular consumer's creditworthiness." *Seamans v. Temple Univ.*, 744 F.3d 853, 860 (3d Cir. 2014).

To state a plausible claim under the FCRA against a furnisher of credit information, as opposed to the credit reporting agency itself, Grooms must allege that she "filed a notice of dispute with a consumer reporting agency; the consumer reporting agency notified the furnisher of information of the dispute; and the furnisher of information failed to investigate and modify the inaccurate information." *Harris v. Pa. Higher Educ. Assistance Agency/Am. Educ. Servs.*, Civ. A. No. 16-693, 2016 WL 3473347, at *6 (E.D. Pa. June 24, 2016); *see also* 15 U.S.C. §§ 1681s-2(b).  If the furnisher fails to comply with its obligations under the Act, "the aggrieved consumer can sue for noncompliance." *Hoffmann v. Wells Fargo Bank, N.A.*, 242 F. Supp. 3d 372, 391 (E.D. Pa. 2017); *see also Eades v. Wetzel*, 841 F. App'x 489, 490 (3d Cir. 2021) (*per*

*curiam*) ("[U]nder the FCRA, '15 U.S.C. § 1681s-2(b) is the only section that can be enforced by a private citizen seeking to recover damages caused by a furnisher of information.'" (quoting *SimmsParris*, 652 F.3d at 358) (alteration omitted)).

Grooms cannot state a claim against Discover under the provisions of the FCRA pertaining to credit reporting agencies, because Discover is not a credit reporting agency. To the extent Grooms raises claims against Discover as a furnisher of information, she has failed to state a claim because she has not alleged that Discover communicated any inaccurate information to a credit reporting agency, what that information was, that she disputed the information to the credit reporting agency, and that the Defendants failed to reasonably investigate the dispute. *See Pressley*, 415 F. Supp. 3d at 513 (plaintiff failed to state a FCRA claim when she "ha[d] not (1) identified the accounts at issue, (2) described the allegedly false and misleading information that appears in the accounts, (3) stated that she filed a dispute regarding the false and misleading information; or (4) alleged that Capital One failed to investigate and modify the inaccurate information"). Grooms's FCRA claims are therefore not plausible as pled.

## IV. CONCLUSION

For the foregoing reasons, the Court will grant Grooms leave to proceed *in forma pauperis* and dismiss her Complaint without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim. Grooms will be given leave to file an amended complaint in the event she can state a plausible basis for a claim against Discover. An appropriate Order follows, which provides further instruction as to amendment.

**BY THE COURT:**

*/s/ R. Barclay Surrick*
**R. BARCLAY SURRICK, J.**