IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DEBORAH GROOMS,** | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 21-CV-4265 |
| | : | |
| **DISCOVER FINANCIAL SERVICE,** | : | |
|     Defendant. | : | |

### MEMORANDUM

**SURRICK, J.**                                                                                                         **DECEMBER  22 , 2021**

Currently before the Court is an Amended Complaint filed by Plaintiff Deborah Grooms against Discover Financial Service ("Discover"), in which Grooms asserts claims under the Fair Debt Collection Practices Act ("FDCPA") related to a credit card she had with Discover. (ECF No. 6 & 7.) Grooms has also filed Exhibits in support of her Amended Complaint.[1] For the following reasons, the Court will dismiss Grooms's Amended Complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**I.      FACTUAL ALLEGATIONS AND PROCEDURAL HISTORY**

Grooms's initial Complaint brought claims under the FDCPA and the Fair Credit Reporting Act ("FCRA") based on events that began in November 2020 related to a credit card account that Grooms had with Discover. (ECF No. 2 at 3-4.)[2] The Complaint and related exhibits reflected that Grooms's claims were based on correspondence with Discover about payments apparently due, and subsequently overdue, on her credit card. (ECF Nos. 2 & 2-1.)

---

[1] On November 23, 2021, the Clerk's Office received an email from Grooms indicating that her exhibits, which she filed on November 19, were "missing." (ECF No. 8.) It appears that, in response to Grooms's email, the Clerk's Office located and docketed her exhibits, and that Grooms's submission is now complete. (ECF No. 7.)

[2] The Court adopts the pagination supplied by the CM/ECF docketing system.

Grooms marked up much of that correspondence, which she attached to her Complaint as exhibits, with citations to various statutes, including the FDCPA and FCRA, without explanation.

In an October 20, 2021 we granted Grooms leave to proceed *in forma pauperis* and dismissed her Complaint for failure to comply with Federal Rule of Civil Procedure 8 and for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). (ECF Nos. 4 & 5.) With regard to the FDCPA claims, we concluded that Grooms's pleading failed to comply with Rule 8 because she "relie[d] almost exclusively on her exhibits to state her claim." *Grooms v. Discover Fin. Serv.*, Civ. A. No. 21-4265, 2021 WL 4893370, at *4 (E.D. Pa. Oct. 20, 2021). Nevertheless, we liberally construed the Complaint as raising FDCPA claims based on Discover's correspondence with Grooms from November 2020 through January 2021, and based on "unspecified phone calls she alleges she received." *Id.* However, Grooms failed to adequately allege that Discover was a debt collector subject to liability under the FDCPA because "the most reasonable interpretation of her exhibits [was] that she maintained a credit card with Discover and that Discover contacted her about money owed when she failed to make a payment on an outstanding balance". In this context Discover was acting as a creditor. *Id.* We also concluded that Grooms failed to state a claim under the FCRA. *Id.* at *4-5.

Grooms was given leave to file an amended complaint, which she did. Although the Amended Complaint is somewhat unclear, it appears Grooms is again bringing claims against Discover, primarily under the FDCPA, based on communications related to her credit card.[3]

---

[3] Grooms appears to have abandoned her FCRA claims. She also refers to the Gramm-Leach-Bliley Act in her Amended Complaint, but this Act regulates financial institutions and does not provide a private right of action. *See, e.g., USAA Fed. Sav. Bank v. PLS Fin. Servs., Inc.*, 340 F. Supp. 3d 721, 726 (N.D. Ill. 2018) ("[I]t is well-recognized that the ["Gramm-Leach-Bliley Act] does not provide a private right of action to enforce its rules." (citing cases)); *Barroga-Hayes v.*

(ECF No. 6.)  Grooms alleges that Discover "can not collect a debt from a consumer [such as herself] [who is] not obligated to pay."  (*Id.* at 4.)  She appears to be claiming that Discover is a debt collector based on the following allegations:

> Discover can not create credit, therefore makes them a debt collector. Discover's only principal business with the consumer was to attempt or collect a debt. Pursuant to federal law under the provisions of 15 USC 1692a(6) a debt collector is ANY PERSON using mail or interstate commerce only purpose is to collect a debt.  This makes Discover a debt collector under and governed by the [FDCPA]. Discover did not give security interest to the plaintiff as the original creditor.

(*Id.*)  Grooms also states that consumers have a right to privacy and to be free of abusive practices and that Discover "has allowed employees such as James Ball to implement and implicate themselves in a matter that doesn't concern them . . . ."  (*Id.*)  Grooms does not further develop this allegation.

The primary basis for Grooms's FDCPA claims now appears to be a credit card statement that Discover sent to her, which she filed as an exhibit in support of her claims.  (*Id.* at 4-5.)  The credit card statement illustrates that Grooms's Discover card had a balance of $2,117.72 as of April 17, 2021, and that a minimum payment of $573.34 was due by May 12, 2021.  (ECF No. 7 at 1-2.)  As with her initial Complaint, Grooms wrote citations to statutes on this document.  She indicates, without further explanation, that the balance listed on the statement is "false & misleading."  (*Id.* at 1.)  She also appears to be alleging that Discover violated the FDCPA by charging interest and fees in connection with her account.  (*Id.* at 2.)

---

*Susan D. Settenbrino, P.C.*, Civ. A. No. 10-5298, 2012 WL 1118194, at *5 (E.D.N.Y. Mar. 30, 2012) ("Congress made clear that no private individual may seek to enforce the GLBA's provisions."); *Daniels v. Experian Info. Sols., Inc.*, Civ. A. No. 09-017, 2009 WL 1811548, at *5 (S.D. Ga. June 24, 2009) ("[T]he overwhelming number of courts to consider the issue have found that no private right of action exists for alleged violations of the GLBA.").  Since Grooms cannot state a claim under the Gramm-Leach-Bliley Act, the Court will dismiss any such claims.

3

Grooms claims that Discover "used language & symbols on the contents of their communication proving that they are in a debt collection business" and asserts that Discover improperly communicated with her after she sent four "cease & desist" letters refusing to pay and requesting Discover to cease communications. (ECF No. 6 at 5.) She also alleges that Discover was "abusive" with their practices, threatened to destroy her reputation, used "abusive language in all communications," repeatedly contacted her by telephone about the debt, sent her credit card bills showing a positive balance that she apparently believes was improper (as reflected by her exhibit), and failed to validate the debt when asked. (*Id.* at 6-7.)

Grooms also cites the Truth in Lending Act ("TILA") to allege that Discover "can not create credit to do a credit transaction" and that Discover is, therefore, "not the original creditor."[4] (*Id.* at 8.) She builds on that allegation by stating that Discover's "plastic card was credited with credit extended to them through a consume[r] credit transaction, pursuant to 15 USC 1602(m)" and that Discover "accepted this credit card that the card holder has authorized

---

[4] The Court understands Grooms to be invoking TILA in an effort to explain why Discover functioned as a debt collector here. "TILA generally requires that a creditor in a consumer transaction disclose, among other things: '(1) the identity of the creditor; (2) the amount financed; (3) the finance charge; (4) the annual percentage rate; (5) the sum of the amount financed and the finance charge, or total of payments; [and] (6) the number, amount, and due dates or period of payments scheduled.'" *Krieger v. Bank of Am., N.A.*, 890 F.3d 429, 432 (3d Cir. 2018) (quoting *Cappuccio v. Prime Capital Funding LLC*, 649 F.3d 180, 188 (3d Cir. 2011)) (alteration in original). In the event the Amended Complaint can be liberally construed as attempting to raise a TILA claim, that claim is not adequately pled and therefore fails. *See Gutierrez v. TD Bank*, Civ. A. No. 11-5533, 2012 WL 272807, at *5 (D.N.J. Jan. 27, 2012) (finding complaint deficient for several reasons, including: "Plaintiffs do not indicate, for example: which exact disclosures required by law were not provided; the nature and extent of any credit reporting which occurred by Defendants in violation of federal law; what, if anything, was inaccurate about such reporting; . . . what representations, if any, Plaintiffs made to Defendants regarding their financial circumstances and their 'ability to repay' justifying their allegations regarding Defendants predation, and so on").

another to use (but not use improperly)." (*Id.* at 9.) She also refers to the Social Security Administration, but the reason for this reference is unclear. (*Id.*)

Grooms alleges that Discover caused her financial hardship and other injuries in connection with the conduct described in her Amended Complaint. (*Id.* at 11.) She seeks damages to compensate her for those injuries. (*Id.*)

## II.   STANDARD OF REVIEW

Since Grooms is proceeding *in forma pauperis*, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss Grooms's Amended Complaint if it fails to state a claim. The Court must determine whether the Complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). "'At this early stage of the litigation,' '[the Court will] accept the facts alleged in [the *pro se*] complaint as true,' 'draw[] all reasonable inferences in [the plaintiff's] favor,' and 'ask only whether [that] complaint, liberally construed, . . . contains facts sufficient to state a plausible [] claim.'" *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (quoting *Perez v. Fenoglio*, 792 F.3d 768, 774, 782 (7th Cir. 2015)). Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678. As Grooms is proceeding *pro se*, the Court construes her allegations liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).

Moreover, a complaint may be dismissed for failing to comply with Federal Rule of Civil Procedure 8. *Garrett v. Wexford Health*, 938 F.3d 69, 91 (3d Cir. 2019). To conform to Rule 8, a pleading must contain a short and plain statement showing that the plaintiff is entitled to relief. *See Travaline v. U.S. Supreme Court*, 424 F. App'x 78, 79 (3d Cir. 2011). The United States Court of Appeals for the Third Circuit recently explained that in determining whether a pleading

meets Rule 8's "plain" statement requirement, the Court should "ask whether, liberally construed, a pleading 'identifies discrete defendants and the actions taken by these defendants' in regard to the plaintiff's claims." *Garrett*, 938 F.3d at 93 (citation omitted).  A pleading may still satisfy the "plain" statement requirement "even if it is vague, repetitious, or contains extraneous information" and "even if it does not include every name, date, and location of the incidents at issue." *Id.* at 93-94.  The important consideration for the Court is whether, "a pro se complaint's language . . . presents cognizable legal claims to which a defendant can respond on the merits." *Id.* at 94.

### III. DISCUSSION

"The FDCPA provides a remedy for consumers who have been subjected to abusive, deceptive or unfair debt collection practices by debt collectors." *Piper v. Portnoff Law Assocs., Ltd.*, 396 F.3d 227, 232 (3d Cir. 2005).  "'To state a claim under the FDCPA, a plaintiff must establish that:  (1) he or she is a consumer who was harmed by violations of the FDCPA; (2) that the 'debt' arose out of a transaction entered into primarily for personal, family, or household purposes; (3) that the defendant collecting the debt is a 'debt collector,' and (4) that the defendant violated, by act or omission, a provision of the FDCPA.'" *Pressley v. Capital One*, 415 F. Supp. 3d 509, 512-13 (E.D. Pa. 2019) (quoting *Johns v. Northland Grp., Inc.*, 76 F. Supp. 3d 590, 597 (E.D. Pa. 2014)).  The FDCPA defines "debt collector" as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6).  This statutory language focuses "on third party collection agents working for a debt owner—not on a debt owner seeking to collect debts for itself." *Henson v. Santander Consumer USA Inc.*,

137 S. Ct. 1718, 1721 (2017).  In contrast, "creditor" is defined as "any person who offers or extends credit creating a debt or to whom a debt is owed, but such term does not include any person to the extent that he receives an assignment or transfer of a debt in default solely for the purpose of facilitating collection of such debt for another."  15 U.S.C. § 1692a(4).  "The Act permits creditors, through their officers or employees, to collect its own debts, in its own name, without subjecting itself to the provisions of FDCPA."  *Cooper v. Pressler & Pressler, LLP*, 912 F. Supp. 2d 178, 184 (D.N.J. 2012) (citing 15 U.S.C. § 1692a(6)(A)).

The manner in which Grooms has presented her claims has again made the true nature of them difficult to understand.  The Amended Complaint essentially repeats statutory language, invokes legal terms, and asserts somewhat disjointed and confusing allegations against Discover.  Although Grooms generally invokes the FDCPA, she has not clearly articulated the factual underpinnings for her claims including why she is not obligated to pay the balance on the credit card bill Discover sent to her and why she believes the credit card bill or other matters to which she refers as the basis for her claims violate the law.  Simply labeling a credit card balance as "false & misleading" is not enough.  *See Iqbal*, 556 U.S. at 678 ("A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'"); *Humphreys v. McCabe Weisberg & Conway, P.C.*, 686 F. App'x 95, 97 (3d Cir. 2017) (*per curiam*) (concluding that FDCPA claim was not pled based on "conclusory and speculative statements that cannot survive a motion to dismiss").

Furthermore, Grooms's assertion that Discover acted as a debt collector is based on restatements of the statutory language rather than on facts from which one could plausibly infer that Discover functioned as a debt collector by sending Grooms a bill for her credit card or otherwise communicating about the credit card.  Grooms's invocation of assorted legal terms on

this point does not clarify her argument.[5]  As the Court previously noted with regard to Grooms's initial Complaint, "the most reasonable interpretation of her exhibits is that she maintained a credit card with Discover" and that Discover "appears to have been acting as a creditor by attempting to collect debt owed to it, rather than a debt 'owed or due another'" when communicating with Grooms about the account.  *Grooms*, 2021 WL 4893370, at *4.

In sum, Grooms's Amended Complaint and exhibits do not allege plausibly that Discover is a debt collector, which is fatal to her FDCPA claims.  *See Estate of Egenious Coles v. Zucker, Goldberg & Ackerman*, 658 F. App'x 108, 111 (3d Cir. 2016) ("As to Ballard Spahr, the complaint alleges, in a conclusory fashion, that the law firm is a 'debt collector' by quoting the relevant definition from the FDCPA.  However, beyond this legal conclusion, the complaint provides no factual allegations that suggest Ballard Spahr regularly collects or attempts to collect debts owed to another."); *Guyton v. PECO*, Civ. A. No. 18-2547, 2018 WL 10016428, at *1 (E.D. Pa. Aug. 24, 2018), *aff'd*, 770 F. App'x 623 (3d Cir. 2019) (*per curiam*) ("Plaintiff owed the relevant 'debt' (her utility bill) to PECO, as the creditor for services rendered to her.  PECO thus is not a debt collector under the FDCPA."); *Cooper*, 912 F. Supp. 2d at 185 (rejecting FDCPA claim against issuer of credit card:  "directly contradicting Plaintiff's contention that Capital One is subject to FDCPA as a debt collector is the September 7, 2011 letter attached as

---

[5] It is possible, though unclear, that Grooms may be attempting to allege that Discover may not collect the debt owed because it securitized the account.  If so, this legal theory has been consistently rejected.  *See Willard v. Bank of Am.*, 204 F. Supp. 3d 829, 833 (E.D. Pa. 2016) ("Plaintiff's first contention – that BOA loses all interest in the credit card account once it sells the receivables – has been raised previously by this Plaintiff's counsel and rejected by this Court in a decision subsequently affirmed by the Third Circuit."); *Scott v. Bank of Am.*, Civ. A. No. 13-987, 2013 WL 6164276, at *3 (E.D. Pa. Nov. 21, 2013), *aff'd*, 580 F. App'x 56 (3d Cir. 2014) (plaintiff "fails to meaningfully distinguish the many cases cited by the Defendants that hold that securitizing receivables has no impact on the relationship between the debtor and creditor").

Exhibit A–1 to the complaint . . . [which] conclusively demonstrates that in this circumstance, Capital One is in fact the original creditor on Plaintiff's MasterCard credit card account").

## IV.  CONCLUSION

For the foregoing reasons, the Court will dismiss Grooms's Amended Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim.  Grooms will not be given further leave to amend.  We conclude that amendment would be futile.  An appropriate Order follows, which dismisses this case.

**BY THE COURT:**

*/s/ R. Barclay Surrick*
**R. BARCLAY SURRICK, J.**